UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| VON RAYMONT PLEDGER, | ) | CASE NO. 1:08 CV 1764 |
| | ) | |
|     Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| FEDERAL BUREAU OF PRISONS., et al. | ) | |
| | ) | |
|     Respondents. | ) | |

    Pro se petitioner Von Raymont Pledger filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 23, 2008. He named the Federal Bureau of Prisons (BOP) and Warden J.T. Shartle at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton") as respondents. Mr. Pledger seeks an order from this court restoring Good Credit Time he lost as a result of a BOP Rules infraction.

BACKGROUND

    Mr. Pledger pleaded guilty to drug trafficking in violation of 21 U.S.C. § 841 in the United States District Court for the District of Minnesota. He was sentenced to 160 months in

prison on September 12, 2000.

On August 16, 2007, Mr. Pledger's room was searched at the Federal Prison Camp in Duluth, Minnesota. Although the room housed three inmates, including petitioner, he was the only inmate in the room at the time. During the course of Correctional Officer Kalen Johnson's search, a Motorola 455 cellular telephone and charging unit were discovered under a metal locker. The telephone was turned over to the lieutenant's office pending further investigation.

An Incident Report was drafted on Thursday, August 16, 2007 at 8:15 pm and delivered to petitioner on August 18, 2008 at 6:30 pm. Mr. Pledger cites Code of Regulations (CFR) section 541.11, Title 28 to note that an incident report should be delivered to the inmate involved within 24 hours. The BOP's failure to delivery the report to him within 24 hours "clearly shows the Plaintiff's rights were infringed because the time limits were not adhered to." (Pet. at 2.)

The incident report charged petitioner with "Conduct which disrupts, Possession of Hazardous Tool" in violation of "199 most like 108." The Unit Disciplinary Committee (UDC) referred the incident to the Disciplinary Hearing Officer (DHO) for further Hearing. The Committee based its referral on the fact that the telephone was found in petitioner's room and the telephone numbers that were called on the cell phone were also listed in Mr. Pledger's Inmate Telephone System (ITS). In response, petitioner first alleged that he did not know to whom the telephone belonged. On further prodding, he "stated he would take the hit for the phone but it was not his. He also stated he knows who the phone belongs to but would not tell who it belonged to." (Incident Rpt. of 8/22/07 at ¶ 24.)

In a September 10, 2007 Memorandum from Lieutenant Wallace Johnson to the DHO, Lt. Johnson addressed the delay in the delivery of Mr. Pledger's incident report. He explained

that the report was written on August 16, 2007, but was then held up pending an investigation by the SIS Department of the ITS telephone list. The investigation was completed on August 21, 2007.

A DHO hearing was held on September 17, 2007 regarding the August 16, 2007 incident. Mr. Pledger was represented by a staff member who argued that the two day delay in delivery of the incident report to petitioner violated BOP policy. He also denied that the cell phone belonged to petitioner. At petitioner's request, inmate "Cunningham" was called as a witness who testified that "he knows nothing about the incident and did not want to comment further." (Ex. C, Incident Rpt., BP-S305.052 at 1, ¶III, B., 2.) No documentary evidence was submitted by Mr. Pledger or his staff representative.

After reviewing the packet of information, the DHO addressed Mr. Pledger and advised him of the reasons for the delay in his receipt of the incident report. The Officer explained that once it was determined to whom the numbers were associated, the incident report was issued. Mr. Pledger allegedly confirmed that he understood his rights, confirmed that he requested staff representation and a witness and provided no documentary evidence. There was no dispute that the phone was found in an area accessible to any of the four inmates in petitioner's room. The DHO noted petitioner originally stated "he did not own the phone, but would take the hit for it. . . . Often in a correctional environment, inmates will discuss who will take responsibility for infractions, so that only one inmate gets an Incident Report, instead of all of them." (Ex. C, Incident Rpt., BP-S305.052 at 2, ¶V.)

The DHO found that Mr. Pledger committed the prohibited act. He was sanctioned with 41 days disallowed Good Conduct Time (GCT), 215 Days Forfeit Non-Vested (GCT), 1 year loss of commissary and visiting privileges, 18 months loss of telephone privileges, 45 days

3

disciplinary segregation, and a recommended disciplinary transfer. The DHO noted that although not directly related to the infraction, some "privileges were taken to deter the inmate from this behavior in the future." (Ex. C, Incident Rpt., BP-S305.052 at 2, ¶VII..) A copy of the final report was signed on October 1, 2007. A note written across the bottom of the report indicates it was "mailed to Elkton to be delivered to the inmate." (Ex. C, Incident Rpt., BP-S305.052 at 3, ¶IX.)

Mr. Pledger fully exhausted his administrative remedies. He also requested records of the telephone numbers listed on the cell phone for which he was sanctioned at FPC Duluth. The Department of Justice (DOJ) responded to his request in a letter dated October 24, 2007. The DOJ's Regional Counsel explained that no records could be located in response to Mr. Pledger's request. He was advised of his right to appeal within 60 days of receipt of the letter.

## ANALYSIS

Mr. Pledger claims his Sixth and Fourteenth Amendment rights were violated by respondents. The three issues upon which he bases his argument are:(1) the charges against him were not clear regarding whether he was charged with violating 199 or 108; (2) he was not provided a copy of the incident report within 24 hours in violation of BOP policy;(3) and the UDC considered evidence, without proof, that phone numbers called on the cell phone matched numbers in petitioner's ITS account.

Citing Wilkinson v. Austin, 545 U.S. 209 (2005), he claims that the Fourteenth Amendment provides procedural safe guards that must be in place before a citizen can be deprived of life, liberty or property. In this case, he claims a liberty interest in good credit time and, thus, the entitlement to due process before those credits can be removed. He claims the DHO failed to consider any evidence that was favorable to him before issuing his final decision. Mr. Pledger

4

maintains that there was a "report that revealed that the telephone numbers listed on his ITS account were not found in the memory of the cellular telephone that was located in the common area of his room . . . and the Administrator for National Inmate Appeals clearly admitted that the DHO did not consider evidence regarding telephone numbers which were called by the cellular telephone." (Pet. at 10.) Ultimately, he complains he was "prejudiced"by the DHO's actions.

## 28 U.S.C. § 2241

Mr. Pledger is seeking relief available only under 28 U.S.C. § 2241. An inmate's challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself, may only be brought under § 2241. See Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir.1998). Although the events about which petitioner complains occurred while he was incarcerated within the District Court of Minnesota's personal jurisdiction, Mr. Pledger had been transferred to Ohio before he filed his petition in this court. As the District Court of Minnesota has no jurisdiction over prison officials in Ohio, Mr. Pledger's petition is properly filed pursuant to 28 U.S.C. § 2241 in this court. See Wright v. United States Bd. of Parole, 557 F.2d 74, 76-77 (6th Cir.1977).

## DUE PROCESS

The requirements of due process are satisfied if "there was some evidence from which the conclusion of the administrative tribunal could be deduced....". United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S.103, 106 (1927). The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Moreover, the revocation of good time credits is not comparable to a criminal conviction, Wolff v. McDonnell, 418 U.S. 539, 556(1974), and neither the amount of

5

evidence necessary to support such a conviction, see Jackson v. Virginia, 443 U.S. 307 (1979), nor any other standard greater than "some evidence" applies in this context. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 456 (1985).  Therefore, prisoners facing a loss of good-time credits must be given (1) advance written notice of the disciplinary charges, (2) an opportunity to present witness testimony and other evidence when such allowance is consistent with safety and correctional goals, and (3) a written statement of reasons for the disciplinary action taken. Id. at 454.

It is clear from the record that petitioner cannot sustain a claim that he was denied due process.  He received advance written notice of the charges filed against him.  Further, he took full advantage of his right to call witnesses or to staff representation.  While he may disagree with the DHO's findings, a full narrative of the reasons upon which the DHO based his decision is provided

The core of Mr. Pledger's challenge stems from his claim that he did not own the cell phone found in his room.  Insofar as petitioner contends that he should not have been charged with an infraction, he has no claim.  This contention is merely a claim that the DHO's decision was not supported by the evidence. A federal court's review of the quantum of evidence supporting a prison disciplinary board's decision is limited to determining whether some evidence supports the decision. Hill, 472 U.S. at  455. The court is not permitted to re-weigh the evidence presented to the DHO. Id. When disciplinary cases are involved, prison officials' determinations  must be made quickly and in a highly charged atmosphere.  Id. at 456.  The "Constitution does not require evidence that precludes any conclusion but the one reached by the disciplinary board." Id. at 457.

The evidence considered by the DHO, as confirmed by the disciplinary records and

6

summarized above, reflects that a cell phone was found in an area to which Mr. Pledger had free access. During the hearing, he had the opportunity to be represented by a staff member, of which he took advantage. Also, a witness was called on petitioner's behalf, who stated only that he did not know who owned the cell phone. Although Mr. Pledger makes unfounded claims there is a report which indicates that none of his ITS numbers were in the cell phone, this information is not relevant to the basis upon which the DHO's decision was based. Moreover, no documentary evidence was furnished by petitioner to the DHO to support his claim. This admission, combined with the reporting officer's testimony, constitutes far more evidence than the minimal amount necessary to convict an inmate of a prison disciplinary infraction in compliance with due process. This testimony thus satisfied the "some evidence" test of Superintendent v. Hill. The record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Hill, 472 U.S. at 457.

There is no support for Mr. Pledger's claim that he was unaware of exactly what charges were filed against him. The charges involved "conduct which disrupts," in violation of Code 199. The BOP noted that the type of disruption in which the petitioner engaged was "most like Code 108 [possession of a hazardous tool]" based on the greater weight of evidence. Both are considered Greater Category offenses in the Code of Federal Regulations and are subject to the same sanctions.[1] There is nothing in the record or set forth in the petition which suggests Mr. Pledger was unable to

---

[1]The CFR provides:

> (1) Greatest category offenses. The Discipline Hearing Officer (DHO) shall impose and execute one or more of sanctions A through E.

28 C.F.R. §541.13. None of the sanctions imposed by the DHO exceeded the sanctions recommended by the Regulations.

defend himself based on this argument. In any case, the DHO had the discretion to impose one or more of the first five sanctions outlined in the regulations. Here, the DHO chose four of the five and added two optional sanctions which could not otherwise stand alone. [2]

Mr. Pledger's final concern, regarding the two day delay in his receipt of the incident report, lacks merit. Petitioner does not demonstrate how he was prejudiced by the delay. More important, the prison staff provided an explanation for the delay in their notification, which the court does not find unreasonable. Relevant case law requires a showing of 'prejudice' resulting from delay. See Mazzanti v. Bogan, 866 F. Supp. 1029, 1034 (E.D. Mich. 1994)(habeas relief not warranted where petitioner failed to show delay actually prejudiced him). Mr. Pledger has not shown any prejudice resulting from the alleged delays in delivering his incident report to him, or in completing the investigative report. The alleged delays, therefore, do not warrant habeas corpus relief. See Northington v. U.S. Parole Commission, 587 F.2d 2, 3-4 (6th Cir.1978); Donn v. Baer, 828 F.2d 487, 490 (8th Cir.1987).

---

[2]In addition to sanctions A - E, one of which must be imposed for Greatest Category violations, the regulations provide that a DHO may also:

> (F) Withhold statutory good time
>     (Note--can be in addition to A
>     through E--cannot be the only
>     sanction executed
> (G) Loss of privileges (Note--can be
>     in addition to A through
>     E--cannot be the only sanction
>     executed).

8

CONCLUSION

Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                           */s/Dan Aaron Polster 9/23/08*
                                           DAN AARON POLSTER
                                           UNITED STATES DISTRICT JUDGE